## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| D. RANDOLPH WHITT,<br><br>Plaintiff,<br><br>v.<br><br>SETERUS, INC. and FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>Defendants. | Civil Action No.: 3:16-2422-MBS<br><br>**ORDER AND OPINION** |

Plaintiff D. Randolph Whitt filed a complaint in the Court of Common Pleas for Lexington Country, South Carolina, on June 1, 2016, bringing causes of action against both Defendants Seterus, Inc. ("Seterus"), and Federal National Mortgage Association ("Fannie Mae") for class action, breach of contract, civil conspiracy, violations of regulations issued by the Consumer Financial Protection Bureau through "dual tracking"[1], and punitive damages. ECF No. 1-1 at 7-12. Defendant Fannie Mae filed a Notice of Removal on July 5, 2016. ECF No. 1 at 1. On August 2, 2016, Plaintiff filed a motion to remand, to which Defendants replied in opposition on August 19, 2016. After consideration of Defendants' sur-reply and Plaintiff's response, the Court denied Plaintiff's motion to remand on December 14, 2016, finding that removal in this case was proper.

---

[1] Dual tracking occurs "when the servicer moves forward with foreclosure while simultaneously working with the borrower to avoid foreclosure." *See* Consumer Financial Protection Bureau, *CFPB Rules Establish Strong Protections for Homeowners Facing Foreclosure* at 2 (Jan.17, 2013), http://files.consumerfinance.gov/f/201301_cfpb_servicing-fact-sheet.pdf.

1

This matter is before the court on Defendants' July 12, 2016, motion to dismiss and motion to strike class allegations, pursuant to Fed. R. Civ. P. 12(b) and 12(f). Plaintiff filed a response in opposition on December 22, 2016, to which Defendants filed a reply on January 5, 2017. Argument on the motion to dismiss and strike class allegations was heard on February 23, 2017. For the following reasons, Defendants' motion to dismiss is **GRANTED** and Defendants' motion to strike class allegations is **DENIED AS MOOT**.

### I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On or about August 1, 2014, Defendant Fannie Mae brought a foreclosure action in the Court of Common Pleas, Lexington County, South Carolina against Plaintiff based on nonpayment of a Note. Case No. 2014-CP-32-02795 ("Foreclosure Action"). Plaintiff subsequently filed an amended answer and counterclaims in the Foreclosure Action on or about March 27, 2015, asserting: "(1) Breach of Contract/Breach of Duty of Good Faith and Fair Dealing and (2) Dual Tracking/Violation of CFPB Regulations." ECF No. 8-1 at 2. On December 10, 2015, Defendant Fannie Mae filed a motion for summary judgment that was granted on April 29, 2016, by Special Referee Lisa Lee Smith. *Id*. at 2-3.

On June 1, 2016, Plaintiff filed the instant suit in federal court. *Id*. at 3. Plaintiff alleges that Seterus, acting as a servicer and agent for Fannie Mae, filed an action for foreclosure in the Court of Common Pleas, Lexington County, South Carolina, against Plaintiff. ECF No. 1-1. Plaintiff contends that Seterus offered a modification of the mortgage loan on February 18, 2016, during the pendency of the foreclosure suit. Plaintiff also alleges that he was denied a loan modification on May 9, 2016, and that between February 18, 2016 and May 9, 2016, "Defendants (i) scheduled a foreclosure hearing, (ii) attended a foreclosure hearing and presented evidence, (iii) submitted a judgment of foreclosure, (iv) filed a judgment for foreclosure after

2

signature by the judge, and (v) scheduled a foreclosure sale." ECF No. 1-1 at 5. Further, Plaintiff alleges that he did not receive notice of the foreclosure hearing that was ultimately held in his absence. *Id*.

According to Plaintiff, "the pursuit of the foreclosure during the pendency of the loan modification is *prima face* evidence of improper 'dual tracking' by the Defendants." *Id*. at 5. Plaintiff also alleges that Defendants participated in the conduct set forth in the complaint with other residents in South Carolina. *Id*. at 6. As a result, Plaintiff alleges a class action lawsuit with a proposed class composed of "all persons (i) whose properties were foreclosed upon, during the pendency of Defendants' sham Loan Modification offers, while the Defendants were pursuing a Foreclosure action, and persons (ii) who received improper Notice of Foreclosure Hearings." *Id*.

On June 2, 2016, Plaintiff filed a motion to vacate the Special Referee's Order and Judgment of Foreclosure Sale. 2014-CP-32-02795, Order to Vacate and Reschedule at 1. The Special Referee held a hearing, and vacated her April Foreclosure Order on August 1, 2016. *Id*. On November 28, 2016, Special Referee Smith issued an Order Allowing Supplemental Materials re: Motion for Summary Judgment at the request and with the consent of the parties. ECF No. 26-1 at 2. The foreclosure action is still under consideration by the Special Referee. [2] *Id*.

## II.     LEGAL STANDARDS

A. Motion to Dismiss

A Rule12 (b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the legal sufficiency of a complaint. *Schatz v. Rosenberg*, 943 F.2d 455,489 (4th

---

[2] As of March 15, 2017, no Order on the Motion for Summary Judgment was entered on Lexington County's electronic judicial index.

Cir. 1991). While the complaint need not be minutely detailed, it must provide enough factual details to put the opposing party on fair notice of the claim and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 555 (2007)(citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

In order to withstand a motion to dismiss, a complaint must contain factual content that allows the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009). The court must accept the allegations in the complaint as true, and all reasonable factual inferences must be drawn in favor of the party opposing the motion. *Id*. at 679. If the court determines that those factual allegations can "plausibly give rise to an entitlement to relief," dismissal is not warranted. *Id*. To determine plausibility, courts are to "draw on its judicial experience and common sense." *Id*. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged---but it has not 'show[n]'---'that the pleader is entitled to relief." *Id*. (citing Fed. Rule Civ. P. 8(a)(2)).

B. <u>Motion to Strike Class Allegations</u>

Rule 12(f) states that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The court may act on its own or on motion made by a party either before responding to the pleading or, if a response is not allowed, within twenty-one days after being served with the pleading. *Id*.

In addition, Rule 23(d)(1)(D) states that the court may issue orders that require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly. In *Bryant v. Food Lion, Inc.,* 774 F. Supp. 1484 (D.S.C.1991*)*, the United States District Court acknowledged that a motion to dismiss class action allegations is not

4

the typical motion for class certification, in which the proponent of class certification has the burden of establishing that the requirements of Rule 23 are met. The court however, considered the motion and stated that the unusual procedural posture of the motion to dismiss class action allegations, in which the defendants contended certification is precluded as a matter of law, required that the court apply the standard applicable to a motion to dismiss under Rule 12(b)(6). The court continued, "Thus, to prevail, the defendants have the burden of demonstrating from the face of plaintiffs' complaint that it will be impossible to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove." *Id*. at 1495.

### III.   ANALYSIS

Defendants argue that the pending Foreclosure Action before Special Referee Smith constitutes the entire basis of Plaintiff's complaint before this Court and, as such, this matter should be dismissed under the abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971). The court agrees.

The Fourth Circuit has found that abstention is appropriate if the following three-part test is met: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Conm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir. 1994). "The policies underlying *Younger* are fully applicable to noncriminal judicial proceedings when important state interests are involved." *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). "The importance of the state interest may be demonstrated by the fact that the noncriminal proceedings bear a close relationship to proceedings criminal in nature . . . proceedings necessary for the vindication of important state

5

policies or for the functioning of the state judicial system also evidence the state's substantial interest in the litigation." *Id*.

There is an important state interest in adjudicating foreclosure matters pertaining to real property located within the state. *See Shaffer v. Heitner*, 433 U.S. 186, 208 (1977). "The State's strong interests in assuring the marketability of property within its borders and in providing a procedure for peaceful resolution of disputes about the possession of that property would also support jurisdiction, as would the likelihood that important records and witnesses will be found in the State." *Id*.

Here, there is an ongoing state proceeding concerning Plaintiff's Foreclosure Action in the Court of Common Pleas for Lexington County, South Carolina. *See* ECF No. 26-1 at 2. As noted above, foreclosure actions call into question important state issues where the state court serves as the best venue for adjudication. Finally, Plaintiff's remaining claims can be raised in state court. Thus, Defendants' Motion to Dismiss is **GRANTED WITHOUT PREJUDICE**, and Defendants' Motion to Strike Class Allegations is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

/s/ Margaret B. Seymour
Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina
March 16, 2017